UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-225-JBC**

**RONALD D. MCGINNIS,**                                                             **PLAINTIFF,**

**V.**                    <u>**MEMORANDUM OPINION AND ORDER**</u>

**CNO&TP**                                                                     **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for summary judgment. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**Factual Background:**

Ronald McGinnis is a former employee of the Cincinnati New Orleans and Texas Pacific Railway Company (the "Railroad"). On April 1, 2000, while working as a locomotive engineer for the Railroad, he was exposed to dust and other airborne particulates. These irritants were carried by the wind from a gravel road adjacent to the worksite and were a cause of breathing problems that he experienced later that day. Mr. McGinnis alleges that the combination of exposure to these irritants and 90-degree temperatures caused permanent injury to his respiratory system. Accordingly, he seeks damages from the Railroad under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et. seq.*

**Standard of Review:**

"Summary judgment is proper where there are no genuine issues of material

fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* A genuine issue exists only when there is sufficient evidence on which the jury could reasonably find for the plaintiff. *Browning*, 283 F.3d at 769. The initial burden of showing the absence of a genuine issue of material fact is on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Analysis:**

Under the FELA, a railroad is liable for injury to its employee caused by the railroad's negligence. To recover damages, the plaintiff must prove the traditional common-law elements of negligence: "duty, breach, foreseeability, and causation." *Adams v. CSX Tranp.*, 899 F.2d 536, 539 (6th Cir. 1990). A railroad has a duty to use ordinary care to protect employees from dangers that are known or that should have been reasonably anticipated. *See Urie v. Thompson*, 377 U.S. 163, 178

(1949); *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808-09 (6th Cir. 1985). However, the railroad has no duty to examine an employee to determine whether he is medically capable of performing particular tasks. *Fulk v. Illinois Cent. R.R. Co.,* 22 F.3d 120, 126 (7th Cir. 1994). In seeking damages, the plaintiff has the burden of proving that his injuries were caused by the railroad's negligence and not by the natural progression of any pre-existing condition. *Akers v. Norfolk & Western Ry.*, 417 F.2d 632 (4th Cir. 1969).

In its motion for summary judgment, the Railroad argues that it acted with ordinary care to protect the plaintiff from reasonably foreseeable harm at the work site. Additionally, it argues that there is no proof that the plaintiff's injuries were caused or exacerbated by the Railroad's actions. The plaintiff has not responded to the defendant's motion and offers no evidence to show the existence of any material fact concerning a breach of the Railroad's duty of care. Nor has he offered any proof as to the cause of his damages. Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the court's active docket.



Signed on May 4, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY